UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**MICHAEL TORRES-ARROYO,**

      Plaintiff,

*-vs-*

**MICHIANA RECYCLING
AND DISPOSAL COMPANY,**
A domestic profit corporation;
**JOE FAZIO** and
**ANTHONY CARLINI,** Individuals.

      Defendants.

Case No.:
Hon.:
Mag.:

_____/

BURGESS SHARP & GOLDEN, PLLC
Attorneys for Plaintiff
By: Heidi T. Sharp (P69641)
43260 Garfield, Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@bsglawfirm.com

_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Michael Torres-Arroyo ("PLAINTIFF"), through his attorneys at BURGESS

SHARP & GOLDEN, PLLC, states the following in support of his Complaint

against Defendants:

1.    This is an action alleging pervasive racial discrimination and

retaliation of the Defendants.

2.    Plaintiff is a resident of Berrien County, Michigan.

3.      Defendant Michiana Recycling and Disposal Company ("Michiana") does business in Berrien County, Michigan and various other areas of Michigan.

4.      Defendant Joe Fazio is an individual employed by Defendant Michiana who was a supervisor of Plaintiff during the time periods in question.

5.      Anthony Carlini is an individual employed by Defendant Michiana who was a supervisor of Plaintiff during the time periods in question.

6.      The events giving arise to this action took place within the territorial confines of the US District Court, Western District of Michigan.

7.      Venue and Jurisdiction are otherwise proper in this Court.

## **GENERAL ALLEGATIONS**

8.      Plaintiff began working for Defendant through Trillium, a staffing agency from February 2018 – May 2018.

9.      He became employed directly with Defendant on May 16, 2018.

10.     Plaintiff's national origin is Puerto Rican and is a person of Hispanic descent.

11.     Defendants Joe Fazio and Anthony Carlini were supervisors of Plaintiff and in a position of authority over him.

12.     Regularly and consistently throughout his employment with Defendant, Plaintiff was called racially derogatory names by his supervisors and treated differently than other employees who were not Puerto Rican or Hispanic.

2

13.    Plaintiff's supervisors, Joe Fazio and Anthony Carlini, regularly and consistently, on a daily basis throughout his employment called him derogatory names such as "Spick" "Wetback" "Stupid Puerto Rican" and made fun of the way he spoke, told him not to speak Spanish in the workplace and not to listen to Spanish music or Latin music.

14.    When he was hired, Plaintiff indicated to Defendant that he was bilingual.

15.    While he was told not to speak Spanish while he was working, on various occasions, he was asked to come to the office to translate from Spanish to English. At those times, Joe Fazio would say to him, a "Fucking Mexican called, we need you".

16.    Many times Defendants told Plaintiff, 'this is America, speak English'.

17.    One time Plaintiff was explaining to a co-worker that Puerto Rico is a part of the United States and in response the co-worker stated, 'you're Spanish, not an American; you're a territory. That's why (President) Trump is kicking everyone out; we don't want Spanish/Hispanics here."

18.    In or about May 2018, Plaintiff approached the Defendant's owner, Henry Valkema and reported how he was being treated, including telling Valkema that he had been called a "Fucking Puerto Rican" and other names. Valkema

responded to Plaintiff, "I'm not the boss, just the owner. Got tell your boss about that." Valkema directed Plaintiff to report the discrimination and treatment to Joe Fazio, who was the one using derogatory names.

19.    On various occasions Plaintiff spoke with Lynne Corah, human resources representative for Defendant and reported to her the names he was called and how he was treated by supervisors and co-workers. Lynne indicated that she would speak with Joe and Anthony about it but their behavior never stopped.

20.    On or about July 7, 2018, Plaintiff arrived early to work. Joe Fazio said to him as soon as he arrived, 'hey you fucking Puerto Rican, I got a job for you since you like to come in early'.

21.    Later that day, Plaintiff was working with the radio on in an area outside. Anthony Carlini approached him and told him 'we don't play this nigger shit here' and told him he must turn off his radio. At the time Plaintiff had been listening to music in a style called Reggaeton. It is a music style which originated in Puerto Rico and typically is sung in Spanish.

22.    Anthony Carlini then said to him, 'I need you, you fucking Puerto Rican. Come here.' When Plaintiff stated, 'I'm busy', Anthony replied, 'when I call you, you come'.

4

23.    At the time, Plaintiff was eating a bag of chips while he was on break. He was waiting for a part to come from the store so he could continue working on a transmission job he had started earlier in the day.

24.    Earlier that day, a co-worker who was a welder and called 'Little Guy' complained to Plaintiff that Joe and Anthony constantly called him a 'bitch' and wanted to know how to get their name-calling to stop. Little Guy said that he had complained repeatedly about the name calling but it did not stop.

25.    Plaintiff told Little Guy that he should report the name calling and behavior to his temp agency, Trillium, since little guy was not directly employed by Defendant. Anthony Carlini was present when Plaintiff told Little Guy to report the behavior.

26.    When Anthony Carlini saw that Plaintiff was eating, he yelled at him, 'why you eating? Get the fuck out of here. On Monday, you're fired."

27.    Plaintiff replied, no, its because of what I said today (to Little Guy) to report to Trillium.

28.    Anthony then said to Plaintiff, you're terminated, you're done and Joe further stated to Plaintiff, you just complain too much.

29.    Plaintiff told Joe and Anthony that he was not leaving until he had a chance to speak to Human Resources. Joe told Plaintiff he was not going there and physically chased him away from the building. Plaintiff went back to the building

5

and told Lynne that he had just been fired. Lynne told Plaintiff to just go home and she would figure it out. Plaintiff asked Lynne to have Valkema call him.

30.    That evening Plaintiff posted on Facebook that he had been fired from Defendant as a result of unfair, discriminatory treatment.

31.    The next day, Plaintiff received a telephone call indicating that he was terminated and not to come back to Defendant.  Plaintiff was told that complaining about Defendant on Facebook was one of the reasons he was terminated.

32.    Plaintiff timely files his Title VII claims within 90 days of his Notice of Right to Sue Letter, which was sent to him on April 16, 2019.

## COUNT I
## VIOLATIONS OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – RACE DISCRIMINATION

33.    Plaintiff re-asserts all prior paragraphs.

34.    Plaintiff was an employee defined by the Elliott-Larsen Civil Rights Act.

35.    Defendants were Employers as defined by the Elliott-Larsen Civil Rights Act.

36.    As described herein, Defendants harassed, discriminated against, and terminated Plaintiff because of his national origin and race.

37.    Plaintiff was harmed by Defendants illegal actions.

6

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, exclusive of costs, interest, and attorney fees.  Plaintiff requests an award of non-economic damages for emotional distress in accordance with the law.  Plaintiff also requests an award of exemplary damages and attorney fees.

## COUNT II
## VIOLATIONS OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION

38.    Plaintiff re-asserts all prior paragraphs.

39.    Plaintiff was an employee defined by the Elliott-Larsen Civil Rights Act.

40.    Defendants were Employers as defined by the Elliott-Larsen Civil Rights Act.

41.    As described herein, Defendants harassed, discriminated against, and terminated Plaintiff in retaliation for complaints he made regarding treatment he experienced because of his national origin and race.

42.    Plaintiff was harmed by Defendants illegal actions.

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, in an amount in excess of $1,000,000.00, exclusive of costs, interest, and attorney fees.  Plaintiff requests an

7

award of non-economic damages for emotional distress in accordance with the law.

Plaintiff also requests an award of exemplary damages and attorney fees.

## COUNT III
## VIOLATIONS OF TITLE VII – RACE DISCRIMINATION

43.    Plaintiff re-asserts all prior paragraphs.

44.    Plaintiff was an employee defined by Title VII.

45.    Defendant Michiana was an employer as defined by the Act.

46.    As described herein, Defendants harassed, discriminated against, and fired Plaintiff because of his race.

47.    Plaintiff was harmed by Defendants illegal actions.

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, exclusive of costs, interest, and attorney fees.  Plaintiff requests an award of non-economic damages for emotional distress in accordance with the law.  Plaintiff also requests an award of exemplary damages and attorney fees.

## COUNT IV
## VIOLATIONS OF TITLE VII – RETALIATION

48.    Plaintiff re-asserts all prior paragraphs.

49.    Plaintiff was an employee defined Act.

50.    Defendants were Employers as defined by the Act.

8

51.   As described herein, Defendants harassed, discriminated against and constructively discharged Plaintiff in retaliation for complaints he made regarding his treatment because of his national origin and race.

52.   Plaintiff was harmed by Defendants illegal actions.

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, exclusive of costs, interest, and attorney fees.  Plaintiff requests an award of non-economic damages for emotional distress in accordance with the law.  Plaintiff also requests an award of exemplary damages and attorney fees.

**COUNT V**
**RACE/ETHNICITY DISCRIMINATION IN**
**VIOLATION OF 42 USC 1981**

53.   Plaintiff re-asserts all prior paragraphs.

54.   Plaintiff was an employee and Defendants were employers, covered by and within the meaning of 42 USC 1981.

55.   Defendants were Employers as defined by the Act.

56.   As described herein, Defendants harassed, discriminated against, and fired Plaintiff because of his national origin and race.

57.   Defendants were predisposed to discriminate against Plaintiff on the basis of his national origin and/or race and acted in accordance with that predisposition.

9

58.    The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of Plaintiff.

59.    Plaintiff was harmed by Defendants illegal actions.

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, exclusive of costs, interest, and attorney fees.  Plaintiff requests an award of non-economic damages for emotional distress in accordance with the law.  Plaintiff also requests an award of exemplary damages, punitive damages and attorney fees.

## COUNT VI
## RETALIATION IN VIOLATION OF 42 USC 1981

60.    Plaintiff re-asserts all prior paragraphs.

61.    Plaintiff was an employee and Defendants were employers as defined by the Act.

62.    42 USC 1981 prohibits retaliation against persons who complain of race discrimination, which includes ethnic and ancestry discrimination.

63.    Plaintiff engaged in activity protected by 42 USC 1981 when he complained of, objected to, and opposed unlawful discrimination, harassment, and retaliation.

64.    Defendants' retaliatory treatment and harassment of Plaintiff as described herein, including his termination, was in violation of the anti-retaliation provisions of 42 USC 1981.

65.    Defendants' actions were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

66.    Plaintiff was harmed by Defendants illegal actions.

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, exclusive of costs, interest, and attorney fees.  Plaintiff requests an award of non-economic damages for emotional distress in accordance with the law.  Plaintiff also requests an award of exemplary damages, punitive damages and attorney fees.

Dated: July 15, 2019                    Respectfully Submitted

                                        BURGESS SHARP & GOLDEN, PLLC,
                                        Attorneys for Plaintiff

                                        /s/ *Heidi T. Sharp*
                                        By:  Heidi T. Sharp (P69641)
                                        43260 Garfield, Suite 280
                                        Clinton Township, MI  48038
                                        (586) 226-2627
                                        heidi@bsglawfirm.com

11

## JURY DEMAND

Plaintiff requests a jury trial in the above-captioned matter.


Dated: July 15, 2019                    Respectfully Submitted

                                        BURGESS SHARP & GOLDEN, PLLC,
                                        Attorneys for Plaintiff

                                        /s/ *Heidi T. Sharp*
                                        By:  Heidi T. Sharp (P69641)
                                        43260 Garfield, Suite 280
                                        Clinton Township, MI  48038
                                        (586) 226-2627
                                        heidi@bsglawfirm.com

12